**UNIVERSAL AUTOMOBILE INS. CO. v. NOEL.***

No. 7009.

Circuit Court of Appeals, Ninth Circuit.
April 24, 1933.

*Rehearing denied June 8, 1933.

D. V. Morthland, of Yakima, Wash., and Harold A. Seering, Whittemore & Truscott, and W. J. Truscott, all of Seattle, Wash., for appellant.

Snively & Bounds, I. J. Bounds, and Robert J. Willis, all of Yakima, Wash., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

On June 26, 1931, appellant was the insurer against accidental collision or upset of three automobile trucks owned by appellee's assignor. On the date mentioned, the three trucks rolled or dropped off of the John-Day Highway, in Umatilla county, Or., into a canyon a couple of hundred feet below, and were completely wrecked. This action was

then brought to recover the insured value thereof.

The policies contained a provision that the insurer would not be liable thereunder "for any loss, damage, or expense while the automobile insured hereunder is operated, maintained, or used * * * for towing or propelling any trailer or vehicle." Liability under the policies is sought to be avoided because of alleged breach of this latter provision.

Shortly prior to the accident, the trucks were fastened together by cables or chains, thirty to forty feet apart, and the rear truck was in turn cabled to a steam shovel. They were so connected as a precaution against possible mishap, because the road upon which they were traveling was narrow and steep and the steam shovel had no brakes. They were not attempting to pull each other; on the contrary, each was proceeding under its own power, and hand signals were used to keep the cables slack. After proceeding in this manner for several hundred feet, they were stopped to make a repair to the motor of the lead truck, and about half an hour after stopping they all slipped over the bank and into the canyon. No one witnessed the accident, so the exact cause is unknown. It is suggested that the brake on the lead truck slipped, causing it to back into the others. The shovel was not fastened to the trucks at the time, and the first two trucks were also unfastened, the chains having been removed when they stopped.

At the conclusion of the evidence, the court granted appellee's motion to withdraw from the consideration of the jury the evidence offered in support of the insurer's defense that the trucks were engaged in towing at the time of the accident, contrary to the provisions of the policies. The correctness of the court's ruling that the trucks were not engaged in towing is the sole question presented on this appeal. If there was no evidence to justify a finding that the trucks were engaged in towing, the judgment must be affirmed.

Appellant concedes that "the purpose of fastening the trucks to each other and the third truck to the shovel was that each might aid the other and aid in the event of possible mishap; the purpose was not solely to pull the shovel." Appellant contends, however, that the question of whether or not the trucks were engaged in towing was a question of fact for the jury, and that the true test of "towing" is the operation of a vehicle with another vehicle attached.

We cannot concur in this restricted interpretation of the word "towing." "Towing," in the general and popular sense of the word, implies a pulling or dragging; "to drag behind in any way." (Funk & Wagnalls Dict.) There was no such towing or dragging of the steam shovel. On the contrary, it was proceeding under its own power; and appellant's own witnesses testified that it was not being towed. The same is true of the respective trucks. There is no evidence that would have justified the jury in finding to the contrary.

Appellant makes the further contention that even though the trucks were not actually being used for the purpose of towing at the time of the accident, still they were being "maintained" for towing; but we think that this contention is no stronger than the one made that the trucks were being used for the purpose of towing at the time of the accident.

Affirmed.